51 P.(2d) 599

**STATE v. BLEVINS.**

No. 4119.

Supreme Court of New Mexico.

Oct. 28, 1935.

Rehearing Denied Nov. 21, 1935.

J. C. Gilbert, of Roswell, for appellant (in the Supreme Court only).

Frank H. Patton, Atty. Gen., and Edward P. Chase, Asst. Atty. Gen., for the State.

ZINN, Justice.

Appellant was convicted and sentenced for unlawfully picketing out and interfering with the freedom of one calf of neat cattle less than seven months old, contrary to the provisions of 1929 Comp. St. § 35-2419. He prosecutes this appeal. Error is assigned on the proposition that there is no substantial evidence to support the verdict of the jury.

The undisputed evidence in the case shows that the calf in question was found in a hole or depression in the horse pasture of the appellant. The calf was chained in the hole so that it could not get out, and in a position where it could not be seen except by a person at the edge of said hole. One witness saw appellant's saddle horse very close to the hole or depression. The following morning this witness, together with the cattle inspector and a deputy sheriff, went to the home of appellant and found him on his saddle horse by his house, which was about 150 to 200 yards distant from the hole or depression where the calf was chained. Whereupon all parties, including appellant, went to the hole or depression and there found the calf still chained. A state's witness testified that they had to go right up to the hole before the calf could be seen.

It is contended by the state that this evidence points to the guilt of appellant and is incapable of explanation upon any other reasonable hypothesis than that of his guilt. The state admits in brief and argument that the testimony is negative in many of its features, but contends that the jury could infer from the facts that the appellant was guilty as charged.

In the case of State v. White, 37 N. M. 121, 19 P.(2d) 192, 194, we said: "Possession of the fruits of crime to raise a presumption of the guilt of the possessor involves knowledge, dominion, and control, with power of disposal, or voice in the power of disposal, in the alleged possessor."

In the White Case, supra, we refused to sustain a conviction where the fact that the stolen beef was found in a shed on a large ranch belonging to the accused, which shed and ranch had been unoccupied for a great period of time and open to the use of others besides the accused. We said that this fact is a circumstance which requires the corroboration of other testimony pointing directly to the guilt of the accused beyond a reasonable doubt.

Though the evidence in the instant case may not be as strong as desired, yet we hesitate to say that it is not sufficient to sustain the verdict. We must view the matter as it appeared to the jury and the trial judge when all the evidence was in.

The fact that the calf was found chained in a hole or depression on the horse pas-

ture of the appellant is a circumstance to be considered by the jury as any other evidence pointing to the guilt of the accused. The state is also aided by the fact that appellant was on his saddle horse near his home the morning of the arrival of witness Bozarth, together with the cattle inspector and deputy sheriff when the calf was found still chained. He was at his home 100 or 150 yards from the bawling calf. The calf did not chain itself in the hole. His horse was close to the hole. He was later seen on his horse. A reasonable inference is that he secured the horse and must have come near the hole where the bawling calf was chained. It is not probable that he ignored the bawling.

■ The jury and the trial judge must have also taken into consideration the manner and demeanor of the defendant on the stand. What he said was apparently of no defensive value. It indicated guilt which supported the inference of his guilt. We do not say that the manner and demeanor of one accused of crime is sufficient to convict him. However, coupled with the evidence in the cold record before us, we would not be justified in setting aside the verdict. These are hard cases, and for that reason a rule has developed which is thus stated in 17 C. J., Criminal Law, § 3599, as follows: "The fact that the trial judge was satisfied with the verdict, and that he refused to set it aside or order a new trial, will be accorded great weight by the appellate court, as is shown by such court's reluctance to interfere with the trial court's disposition of a motion for new trial."

■ It seems a just rule. The matter of appellate review is designed principally for a review of errors of law assuming that the appellate court has more leisure and better opportunity to decide correctly questions of law. The situation is the converse as to questions of fact. That is for the trial court.

The learned trial judge knew his jury, whether they were men likely to be influenced by passion and prejudice. There is no evidence in the record that the jury were actuated by any passion or prejudice. The trial judge saw the defendant as well as other witnesses on the stand and heard them testify. The trial judge overruled a motion for new trial based upon the identical ground presented here. We must give this some consideration.

Appellant's theory was that he was "framed." He did not develop that theory by even showing that he had enemies who might be impelled to "frame" him. According to his own testimony, he had no quarrel with Bozarth, a prominent witness for the state, and no enmity existed between them.

Appellant was contradicted by several of the state's witnesses as to several things he testified to. All that this amounts to is that if appellant made up some lies to testify to, it may indicate that he himself appraised the situation of the calf being with-

in a short distance of his place of residence for forty-eight hours, tied up without food, supported an inference that pointed to his guilty knowledge of the situation.

The vice at which section 35-2419, supra, is aimed is to prevent the larceny of calves of neat cattle. See State v. Brooken, 19 N. M. 404, 143 P. 479, L. R. A. 1915B, 213, Ann. Cas. 1916D, 136. The actual offense is "to hold under herd, confine in any pasture, building, corral or other enclosure, or to picket out, hobble, tie together or in any manner interfere with the freedom of calves of neat cattle * * * which are less than seven months old except such young animals be accompanied by their mothers." Section 35-2419, supra. The mere picketing of a calf apart from its mother constitutes the crime. State v. Brooken, supra.

We must dispose of another question presented by appellant. This relates to the claim of appellant that the court erred in the giving of an instruction. Under rule 70-108 of the trial court rules, it was incumbent upon the appellant either to object to the instruction given and point out the error, or to tender one framed to present his theory. Laws v. Pyeatt, 40 N. M. —, 52 P.(2d) 127. Having failed to do either, he cannot now complain.

The judgment will be affirmed and it is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and BRICE, JJ., concur.