342 P.2d 864

Edgar TEETER, Defendant-Appellant,

v.

MILLER, SMITH & JONES, a co-partnership composed of Miller & Smith, Contractors, Inc., a corporation, and J. W. Jones Construction Company, a corporation, Defendant-Appellee.

No. 6532.

Supreme Court of New Mexico.

July 13, 1959.

Heidel & Swarthout, Lovington, William L. Shaner, Roswell, Kermit Nash, Hobbs, for appellant.

Atwood & Malone, R. D. Mann, Charles F. Malone, Roswell, for appellee.

COMPTON, Justice.

This is a tort action arising out of a collision of motor vehicles. It was started by the legal representatives of the estates of Ira C. Cook and Eva Belle Cook against both defendants but culminated in a controversy between the defendants only. The Cooks were killed in the collision, and the concurring negligence of both defendants was charged as the proximate cause of the accident.

The defendant Miller, Smith & Jones entered a general denial of negligence; various defenses were set up, including contributory negligence, assumption of risk, and joint enterprise on the part of the Cooks. This defendant further alleged that Teeter's negligence was the sole proximate cause of the collision.

The defendant Teeter, the driver of one of the vehicles involved, also entered a general denial of negligence and set up like defenses. He suffered serious injuries in the accident and by cross-claim he sought damages against Miller, Smith & Jones and the Cooks, charging their concurring negligence was a proximate cause of the accident.

On the issues thus framed, the cause was tried to a jury; however, during the trial the Cooks dismissed as to Miller, Smith & Jones. At the close of the evidence, the court dismissed Teeter's counterclaim against the Cooks, and directed a verdict in favor of the Cooks in such amounts as the jury might determine. The court also directed a verdict against Teeter on his cross-claim against Miller, Smith & Jones. Damages were awarded in amount of $22,367 for the death of Eva Belle Cook and $51,383 for the death of Ira C. Cook. Judgment was entered accordingly and Teeter appeals.

While the appeal is from the judgment, no point is made by appellant as to the ruling of the court in directing a verdict for the Cooks and dismissing his counterclaim against the Cooks. Consequently, for review on appeal is the correctness of the ruling of the court in dismissing appellant's cross-complaint and directing a verdict for defendant Miller, Smith & Jones.

The collision occurred on Highway 18 about 5 miles north of Hobbs. The New Mexico Highway Department had been engaged in the process of widening the highway into four lanes, with median center, extending approximately 9 miles north of Hobbs. During this process, it was not unusual to barricade the highway and direct traffic from side to side. On the day of the accident, January 2, 1958, appellee made preparations to place a sealing coat on the east lanes from Air Port Road to the north

end of the project. Barricades were placed at Air Port Road diverting northbound traffic to the west lanes. The Cooks were traveling north on the west lanes at the time of the fatal accident.

Appellant contends that appellee's failure to post signs at the north end of the construction zone giving him adequate warning of northbound traffic was the proximate cause of the collision. All agree, however, that there was in place at the north end a sign reading "Speed limit 45 miles per hour."

The accident occurred on a clear day and the highway was straight and level. Just prior to the accident, a Mr. Wilson had entered the construction zone from the north traveling from 45 to 50 miles per hour. Appellant, driving a pickup, also entered the construction zone from the north, and traveling much faster, soon overtook the Wilson vehicle. Confronted with this situation, he suddenly turned his vehicle to the left and into the path of the on-coming Cook automobile. As he turned in front of the Cooks, he was traveling 75 miles per hour; at the moment of impact he was traveling approximately 60 miles per hour. His vehicle skidded 76 feet in a straight line. The Cook vehicle skidded 72 feet in a straight line, except for the last few feet, skidmarks angled to the right.

At the conclusion of the evidence, appellee, Miller, Smith & Jones, moved for a dismissal of appellant's cross-claim on the grounds there was a failure of proof as to proximate cause and that appellant's contributory negligence was such as to bar his recovery. The motion was sustained, and from a review and consideration of the evidence, we are satisfied of the correctness of the court's action. There was no causal relation shown to exist between such failure to post and the injury. If we should assume that appellee was negligent in some manner, appellant's negligence proximately contributed with that of appellee to cause the accident.

We are not unmindful that ordinarily the issue of contributory negligence is for the jury and not a question of law. Zamora v. J. Korber & Co., 59 N.M. 33, 268 P.2d 569; McMullen v. Ursuline Order of Sisters, 56 N.M. 570, 246 P.2d 1052. But, where reasonable minds cannot differ on the question, and they readily reach the conclusion that the plaintiff was negligent, and that his negligence proximately contributed with that of the defendant to cause the injury, the issue is to be declared as a matter of law. Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507; Gray v. Esslinger, 46 N.M. 421, 130 P.2d 24.

As previously stated, appellant was seriously injured; he sustained a head injury

resulting in amnesia. He remembered nothing about the accident or anything that occurred 30 days prior or subsequent thereto. Amnesia, therefore, is urged as a basis of his argument that the presumption of due care of itself was sufficient to raise a jury question. He relies further on the fact that proof of his negligence is mainly circumstantial.

The doctrine of presumption of due care has its place in our jurisprudence. It may be invoked where the driver is deceased, and it may be available in amnesia cases, but whatever may be the correct rule, we need not determine. In either event, the presumption is not evidence, and when credible and substantial evidence, direct or circumstantial, is introduced to the contrary sufficient to support a verdict, the presumption disappears as though it had never existed. Hartford Fire Insurance Co. v. Horne, 65 N.M. 440, 338 P.2d 1067; Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540. Cf. also Morris v. Cartwright, 57 N.M. 328, 258 P.2d 719.

The judgment should be affirmed, and it is so ordered.

LUJAN, C. J., McGHEE and CARMODY, JJ., and SAMUEL Z. MONTOYA, D. J., concur.

MOISE, J., not participating.