358 P.2d 362

Isadore V. ZAMORA, Plaintiff-Appellant,

v.

Joe SMALLEY and M. H. Smalley,
Defendants-Appellees.

No. 6761.

Supreme Court of New Mexico.

Jan. 6, 1961.

Lorenzo A. Chavez, Arturo G. Ortega, and Melvin L. Robins, Albuquerque, for appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellees.

NOBLE, Justice.

The action was one for personal injuries arising out of a rear-end automobile collision. From a judgment based upon a jury verdict for the defendant the plaintiff has appealed. For convenience, we shall refer to the parties as they were below.

Plaintiff makes a two-fold attack upon instruction No. 12 on unavoidable accident. First, that under the facts it was error to instruct on unavoidable accident and, second, that the instruction given was an incorrect and incomplete statement of the law.

The answer alleged unavoidable accident as an affirmative defense. Plaintiff asserts that there is ample and substantial evidence of negligence on the part of one or both drivers of the automobiles involved in the accident and that it was, therefore, error to give an instruction on unavoidable accident.

On December 11, 1954, the plaintiff and Ted Martinez drove from Boulder, Colorado to plaintiff's home in Lafayette, Colorado in the Martinez car with Martinez driving. About 9:45 p. m. they left, still in the Martinez car with Martinez driving, to go to a dance in Boulder. The defendant Smalley, a college student, was returning from a basketball game at Boulder when he missed a turn to Louisville, Colorado. The road at this point was a two-lane, blacktopped highway. Defendant, Smalley, drove on to the next driveway where he turned around and went back to the intersection where he was to make a left turn. As he turned around he saw the lights of the Martinez car approaching but a considerable distance away. He stopped at the intersection, in his right hand lane of traffic, to permit two approaching cars to pass. The testimony is conflicting as to how long defendant remained so stopped after the approaching cars had passed and as to whether the rear lights and turn signal were working on his car. While defendant was stopped to make the left turn the car owned and driven by Martinez, in which plaintiff was a passenger, struck the rear of defendant's car, injuring plaintiff. There was testimony that the accident occurred

just as one of the approaching cars passed. The testimony of plaintiff was that he had been looking ahead watching the road but that immediately prior to the accident he had turned to speak to the driver when the driver gave a cry of warning—"Look out". He looked in front and saw defendant's car stopped in the middle of the lane of traffic some 10 or 20 feet in front.

 The plaintiff (appellant) asserts that it was error to give an instruction on unavoidable accident since there is in the record substantial evidence from which the jury could have found that either or both of the drivers of the automobiles involved were negligent. We cannot agree with this contention. The test is whether there is evidence from which the jury could conclude that the accident occurred without the negligence of anyone being the proximate cause. Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028; Hinkle v. Union Transfer Co., 10 Cir., 229 F.2d 403.

The evidence as to whether the driver of either car was negligent is conflicting, and the question was one for the jury to determine.

We said in Lucero v. Torres, supra [67 N.M. 10, 350 P.2d 1031]:

"There being questions present for the jury to decide as to whether appellee or appellant were negligent, or whether both or neither were negligent we believe in such a case, an unavoidable accident instruction is appropriate."

Here, as in Torres v. Lucero, defendant plead unavoidable accident as an affirmative defense, and in that case we said:

"Appellee affirmatively pleaded that the accident complained of was unavoidable. There is evidence in the record bearing on this point. We have repeatedly held that a party is entitled to an instruction on the theory of his case upon which there is evidence. (Citing cases.)"

See also, Hanks v. Walker, 60 N.M. 166, 288 P.2d 699. This accident occurred in the state of Colorado and is to be governed by the substantive law of that state. Restatement, Conflict of Laws § 378 (1934); 9 Blashfield Encyclopedia of Automobile Law § 5791. However we find no substantial difference in the rule announced by the Colorado decisions. Union Pacific Railroad Co. v. Shupe, 131 Colo. 271, 280 P.2d 1115; Hinkle v. Union Transfer Co., supra; Maloney v. Jussel, 125 Colo. 125, 241 P.2d 862.

It follows from what we have said that it was not error to give an instruction on unavoidable accident.

It is then said that instruction No. 12, on unavoidable accident, is an incorrect and incomplete statement of the law. We have heretofore defined the term "unavoidable accident". Stambaugh v. Hayes, 44 N.M.

443, 103 P.2d 640; Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671.

■ However, the form of the instruction is not subject to review since plaintiff failed, by proper objection, to preserve the error in the lower court. State v. Baize, 64 N.M. 168, 326 P.2d 367, at 368; State v. Compton, 57 N.M. 227, 257 P.2d 915, at 921; State v. Smith, 51 N.M. 328, 184 P.2d 301; State v. Richardson, 48 N.M. 544, 154 P.2d 224; State v. Lopez, 46 N.M. 463, 131 P.2d 273; State v. Blevins, 39 N.M. 532, 51 P.2d 599; Lucero v. Torres, supra.

The objection to the form of the instruction was:

"It is an incomplete statement of the law of New Mexico * * * and further that such instruction is incorrect as a matter of law."

The similarity between the objection in the instant case and in State v. Compton, supra [57 N.M. 227, 257 P.2d 919], is at once apparent. In the latter case the objection was:

"Court's instruction No. 7, for the reason that such does not correctly state the law as applied to the facts in the above entitled criminal charge."

■ We held in State v. Compton, supra, that to preserve error it is necessary either to tender a correct instruction and to alert the mind of the trial court to the fact that the tendered instruction corrects the defect complained of or to point out the specific vice in the instruction given by proper objection thereto. It cannot be said that the objection to instruction No. 12 was sufficient to alert the mind of the trial court to the vice said to exist and it is insufficient to preserve the error for review.

Finally, appellant urges that the trial court erred in giving instruction No. 13 and in refusing appellant's requested instruction No. 2 on imputed negligence. Instruction No. 13 reads:

"The negligence of a driver is not imputed to a guest riding with him in a vehicle over which the guest has no authority, or the guest has no control over the driver nor reason to suspect his carelessness. But the guest is not absolved from personal care for his own safety. He must use such care as an ordinarily prudent person would exercise under present circumstances."

■ The objection was only to the inclusion of the words "nor reason to suspect his carelessness", upon the ground that the inclusion of those words would allow the jury to impute the negligence of the driver to the guest riding in the car if the guest had reason to suspect the carelessness of the driver; that there is no evidence in the record from which the jury could find that appellant had reason to suspect any carelessness of the driver, and that the inclusion of those words constitutes an incorrect

statement of the law on imputation of negligence.

The instruction, except for the substitution of the word "or" for the word "where" after the word "authority" and the insertion of the word "present" before the last word "circumstances", was taken verbatim from a statement appearing in Silva v. Waldie, 42 N.M. 514, 82 P.2d 282.

However, as we construe that decision the statement used as the basis for the instruction given in the instant case was not restricted to a statement of the law on imputed negligence. Two questions were present in the Silva case, (1) when negligence of the driver may be imputed to the guest and (2) whether the guests were contributorily negligent so as to bar their recovery against a third person. The statement in Silva v. Waldie, supra, covers imputed negligence, contributory negligence of the guest and assumption of risk. What is perhaps more to the point, Colorado, where the accident occurred, appears to apply the same principles of substantive law. Ling v. Pease, 123 Colo. 518, 232 P. 2d 189; Hinkle v. Union Transfer Co., supra, and the cases cited.

Appellant asserts that in any event, and even if the words objected to in the instruction are proper in an instruction on imputed negligence, it was improper and is reversible error in this case since there is no evidence in the record from which the jury could find that appellant had reason to suspect carelessness of the driver. He says it is error to give an instruction covering a question on which there is a total absence of evidence, even if the instruction is correct as an abstract statement of law, and cites Martin v. La Motte, 55 N.M. 579, 237 P.2d 923. That decision is clearly distinguishable upon the facts. There the jury was instructed in a workman's compensation action that even if the workman was granted compensation the defendant had the right, six months after the judgment, to require an examination and hearing to determine whether there had been a recovery which would diminish or terminate payment of compensation. We said that while the instruction was correct as an abstract statement of law, there was no evidence to which it could be applied and that the instruction was prejudicial because it was calculated to cause the jury to take a chance on its verdict since there was available a means of correcting it in six months and that it permitted the jury to speculate on judicial proceedings. Those factors are not present in the instant case. Considering the instructions as a whole we think the jury could not have been misled to the prejudice of the appellant by the inclusion of the language objected to. If there was error, we conclude that it was harmless. Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214; Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585.

We have pointed out that instruction No. 13 combined an instruction on imputed negligence with one on contributory negligence and assumption of risk of the guest. No objection, however, was made on that ground nor did appellant tender a correct instruction on imputed negligence.

It follows from what we have said that the judgment should be affirmed and it is so ordered.

COMPTON, C. J., and MOISE, J., concur.

CARMODY and CHAVEZ, JJ., not participating.