393 P.2d 463

**Angelo ELDER, Jr., and Lee Edna Elder, his wife, Plaintiffs-Appellees,**

**v.**

**MARVEL ROOFING CO. and Ben C. Cherry, Defendants-Appellants.**

**No. 7450.**

Supreme Court of New Mexico.

June 22, 1964.

**358**

Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, Albuquerque, for appellants.

Lorenzo A. Chavez, Melvin L. Robins, Warren F. Reynolds, Albuquerque, for appellees.

COMPTON, Chief Justice.

This action was instituted for damages for personal injuries sustained by the plaintiffs-appellees as a result of a collision on U. S. Highway 66, a four-lane highway, approximately 30 miles west of Santa Rosa, New Mexico between an automobile driven by the appellee, Angelo Elder, Jr. and a diesel tractor-trailer truck driven by the appellant, Ben C. Cherry, while employed by the appellant Marvel Roofing Company. Both vehicles were traveling west. The accident occurred about 9 o'clock at night in the north lane of traffic when the truck collided with the rear of the appellees' car.

The pleadings put in issue the negligence and contributory negligence of the parties. In addition, affirmative defenses of unavoidable accident and assumption of risk were pleaded. The cause was tried to a jury which awarded plaintiff Angelo Elder, Jr., $2,500.00 and plaintiff Lee Edna Elder, his wife, $10,000.00. Motions by the defendants for a remittitur and for judgment notwithstanding the verdicts or for a new trial were denied. Judgment was entered upon the verdicts and the defendants have appealed.

Two points are urged by the appellants for reversal or a new trial (1) the ver-

dicts are excessive·as a matter of law, and (2) the trial court's refusal to give·defendants' requested instruction on unavoidable accident.

It is at once apparent that if the trial court erred in failing to instruct on unavoidable accident, the judgment. must be reversed and a new trial ordered; hence, we will dispose of this question first. The appellants contend that, in addition to being pleaded, the defense of unavoidable accident was fairly raised by the evidence relating to an unpreventable mechanical failure in the electrical system of the appellees' automobile from which the jury might reasonably have concluded that the accident occurred without the negligence of either party to the suit.

The Elders testified that just prior to the accident, about 3 miles east of where it occurred, the generator light in their car showed red; that Mr. Elder stopped ·the car and checked the headlights and the ·taillights and they were burning; that they continued on their way observing all the while that if the car was driven less than 40 miles an hour the generator light would not show red. The evidence is that the headlights were on at all times, even when the generator was showing red, yet, neither of the Elders could testify that the taillights were in operation just prior to the ·time of the accident. There were no witnesses to the accident other than the occupants of the two vehicles. The investigat-·pants of the two vehicles. The investigating police officer testified. to the best of his recollection that the headlights were operating after the accident, but he did not remember about the taillights, indicating he either did. not check them or that the damage to the rear of the car made it impossible for him to do so.

The appellant, Cherry, testified that he was driving at approximately 50 miles an hour with his headlights on low beam; that after going through·an·underpass the Elder car appeared suddenly in front of him, some 35 or 40 feet· away; that he immediately fully applied his brakes·but, fearing there might be traffic passing· him on his left in the other west-bound lane, he did not attempt to change lanes or swerve to the left but held straight ahead and collided with the Elder car.

In a deposition taken prior to the trial and at the trial, Cherry stated he did not see any taillights on the car. On cross-examination, however, when asked if he was trying to give the jury the impression that there were no lights on the appellees' vehicle he replied "I can't say whether there was or not, because if I didn't see them, it is possible that they could not have been burning. I really don't know." In addition to other testimony to this same effect, there was admitted into evidence a written statement made by Cherry the day following the accident, which reads:

"At about nine p. m. I was approximately 15 miles east of Clines Corner

and I dozed off for a moment. I cannot be sure if I dozed off but it is the only explanation I can think of. I suddenly was aware of taillights directly in front of me and by that time it was too late to stop or swerve to avoid the other car."

█ The propriety of giving an instruction on unavoidable accident is tested by examining the evidence to determine whether a jury could conclude that the accident occurred without the negligence of either party to the suit. Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799; Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798; Zamora v. Smalley, 68 N.M. 45, 358 P.2d 362; Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028. In Horrocks v. Rounds, supra, we said:

"* * * We must again caution, as we did in both the Lucero and Baros cases, that it is not every motor vehicle accident case that warrants the giving of an unavoidable accident instruction. There should be a genuine basis for the giving of the instruction such as some reasonably unexpected surprise or road condition, unpreventable mechanical failure, sudden appearance and reasonably unanticipated presence of a pedestrian or other object in the road; and such must be coupled with circumstances which present a fair issue of whether the failure of the driver to anticipate or sooner guard against this danger, or to avoid it, is consistent with a conclusion of the exercise of his due care. * * *"

█ There is no evidence in the record of an unpreventable mechanical failure of the electrical system in the Elder automobile. Testimony that the generator light showed red when the car was driven faster than a certain speed does not lead to this conclusion, nor does the testimony raise an inference that this may have been the case, especially in view of the testimony that the headlights were on at all times, and that the last time both the headlights and taillights were examined, just prior to the accident, they were in operation. True, the possibility exists that the taillights might not have been working, but the testimony of Cherry, who did not know whether he saw them or not and that perhaps he did not see them because they were not working, does not give rise to such an inference. A bare possibility, unsupported by the evidence would amount to nothing more than pure speculation and conjecture which we held in Horrocks v. Rounds, supra, and Turner v. McGee, 68 N.M. 191, 360 P.2d 383, cannot be made the basis for an inference of fact. The evidence would not support a finding by the jury that the accident might have occurred without the negligence of the driver of one or both of the vehicles. The issues of negligence and contributory negligence were properly

**361**

submitted to the jury and we conclude the court did not err in refusing to instruct the jury on unavoidable accident.

■ The next and final question relates to excessiveness of the verdicts. It is well settled in this jurisdiction that in determining whether a verdict is excessive, this court will not weigh the evidence but will look to see whether the evidence, viewed in the light most favorable to upholding the verdict, affords substantial support therefor. If it affords such substantial support, the verdict must be affirmed; if it does not, it must be reversed. Vivian v. Atchison, Topeka and Santa Fe Railway Co., 69 N.M. 6, 363 P.2d 620. In this latter case we said:

"The decisions of this court were reviewed in Montgomery v. Vigil, 65 N.M. 107, 332 P.2d 1023, and the rule announced in Hall v. Stiles, 57 N.M. 281, 258 P.2d 386, 389, approved. The rule of Hall v. Stiles, supra, is that 'the mere fact that a jury's award is possibly larger than the court would have given is not sufficient to disturb a verdict' and the findings of the jury will not be disturbed as excessive except in extreme cases, such as where 'it results from passion, prejudice, partiality, sympathy, undue influence, or some corrupt motive where palpable error is committed by the jury, *or where the jury has mistaken the*

*measure of damages.'* (Emphasis added.) Montgomery v. Vigil, supra, 65 N.M. at page 113, 332 P.2d at page 1027; Jackson v. Southwestern Public Service Co., 66 N.M. 458, 349 P.2d 1029."

See also Terrel v. Lowdermilk, 74 N.M. 135, 391 P.2d 419; Hanberry v. Fitzgerald, 72 N.M. 383, 384 P.2d 256; and Massey v. Beacon Supply Company, 70 N.M. 149, 371 P.2d 798.

■ An examination of the medical testimony relating to the physical injuries, pain and suffering experienced by each of the appellees, which we consider unnecessary to detail here, reveals a similarity both as to their nature and extent. The diagnoses were, for the most part, muscular and ligamentous damage to back and neck areas. In addition, Mrs. Elder claimed aggravation of the nervousness from which she suffered prior to the accident. There was insufficient evidence to establish any permanent condition or disability to either of the appellees as a result of the accident, or the degree of nervousness suffered by Mrs. Elder attributable to the accident. The prognosis in each case was "intermittent trouble," especially with increased activity or overexertion, with no knowledge as to its duration. Nevertheless, we think the evidence is ample to support the jury award to Mr. Elder of $2,500.00. There is nothing from which

we could conclude that the verdict of the jury resulted from passion or prejudice or a mistaken measure of damages.

With respect, however, to the award of $10,000.00 to Lee Edna Elder, we fail to find evidentiary support for the $7,500.00 difference between that award and the one made to her husband. It should be noted that both verdicts were based upon the physical and mental pain and suffering and the difference in the physical condition at the time of trial as compared with the physical condition prior to the accident, except that in the case of Mr. Elder, the award included loss of wages for a period of six weeks. There seems to be no question that Mrs. Elder suffered more ill effects from her injuries than did her husband. After the accident she was less able to cope with household and outside activities because of discomfort, fatigue and nervousness, whereas Mr. Elder did not find it necessary to curtail his activities in any appreciable degree and has continued in his employment as before. It is also noted that immediately following the accident Mrs. Elder was hospitalized for a few days and Mr. Elder was not. This was due, according to the record, to a dazed condition or state of shock, which Mr. Elder did not experience. However, viewing the evidence in the light most favorable to appellee, Lee Edna Elder, we find the $10,000.00 award to her excessive in the sum of $5,000.00 as a matter of law because unsupported by the evidence. We further find that because of the excessiveness of the verdict either the jury was mistaken as to the measure of damages or its verdict for her resulted from passion, prejudice, sympathy or partiality.

Consequently, the judgment of the trial court will be affirmed on the condition that appellee, Lee Edna Elder, file with the clerk of this court within ten (10) days hereafter, a remittitur of the sum of $5,000.00 fixed by this court as excessive damages; otherwise, the cause will be remanded to the court with directions that the appellants be granted a new trial solely on the question of damages allegedly due appellee, Lee Edna Elder.

It is so ordered.

NOBLE and MOISE, JJ., concur.