400 P.2d 627

Vincent WORRICK, a minor, by Arlene Escobar, Mother and next friend, and Arlene Escobar, for herself, Plaintiffs-Appellants,

v.

Ben ALARID, Defendant-Appellee.

No. 7566.

Supreme Court of New Mexico.

March 29, 1965.

Lorenzo A. Chavez, Melvin L. Robins, Warren F. Reynolds, Albuquerque, for appellants.

McKenna & Sommer, George A. Guynes, Santa Fe, for appellee.

MOISE, Justice.

Plaintiffs appeal from a judgment in favor of defendant entered pursuant to a jury verdict in his behalf.

Vincent Worrick, the minor plaintiff, was struck by an automobile being driven by defendant. The accident occurred at or near the intersection of Manhattan, Garcia and Acequia Madre Streets in Santa Fe at about 6:15 p. m. on May 21, 1960. When struck, Vincent was in the act of crossing Manhattan generally from north to south, and defendant was driving in a westerly direction, having stopped at the intersection of Acequia Madre and Garcia and then hav-

ing proceeded across Garcia into Manhattan. At the time, there was a very bright sun shining directly into defendant's eyes, partially blinding him so that he did not see Vincent until after he was struck. Defendant was travelling at somewhere between 10 and 17 miles per hour. The evidence is inconclusive on the question of whether Vincent was crossing the street at a crosswalk, there being evidence both ways on the point.

■ Plaintiff's first point relied on for reversal asserts that the court erred in giving an instruction on unavoidable accident. We must agree.

The undisputed test· in New Mexico on the propriety of an instruction on unavoidable accident is "whether there is evidence from which the jury could conclude that the accident occurred without the negligence of anyone being the proximate cause." Zamora v. Smalley, 68 N.M. 45, 358 P.2d 362. See also, Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028. Courts, however, have been cautioned that the instruction is not one which should be given in every automobile accident case.

The best statement of the test is that found in Horrocks v. Rounds, 70 N.M. 73, 80, 370 P.2d 799, 804, where we had the following to say:

"The propriety of giving an instruction on unavoidable accident is tested by examining the evidence to determine whether a jury could conclude that the accident occurred without the negligence of anyone being the proximate cause. Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798; Zamora v. Smalley, supra; and Lucero v. Torres, supra. We must again caution, as we did in both the Lucero and Baros cases, that it is not every motor vehicle accident case that warrants the giving of an unavoidable accident instruction. There should be a genuine basis for the giving of the instruction such as some reasonably unexpected surprise or road condition, unpreventable mechanical failure, sudden appearance and reasonably unanticipated presence of a pedestrian or other object in the road; and such must be coupled with circumstances which present a fair issue of whether the failure of the driver to anticipate or sooner guard against this danger, or to avoid it, is consistent with a conclusion of the exercise of his due care. In such cases the trial courts are inclined to grant the instruction and their action in so doing is generally approved by the appellate courts. Baros v. Kazmierczwk, supra; and Lucero v. Torres, supra."

Under the very brief statement of facts which we have set forth above we fail to see how reasonable men could conclude that the accident in question could occur without the presence of negligence, either of

the defendant, or of the minor plaintiff, or both.

Although this court has refused to lay down a rule that a defendant is negligent per se if he cannot stop within the range of his vision, we have held that this constitutes a question for the jury. Duncan v. Madrid, 44 N.M. 249, 101 P.2d 382; Hisaw v. Hendrix, 54 N.M. 119, 215 P.2d 598, 22 A.L.R.2d 285. We do not now intend to retreat from this position. Compare Williams v. Neff, 64 N.M. 182, 326 P.2d 1073, where the court stated that if a motorist's vision becomes completely obscured, he has a duty to stop his car. Also compare Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671.

The minor plaintiff was out in the street in the path of defendant's car. If he was in the crosswalk, he may or may not have been guilty of contributory negligence. If he was not in the crosswalk, he was guilty of contributory negligence as a matter of law. Williams v. Burke, 68 N.M. 35, 357 P.2d 1087.

We might observe that intersectional accidents such as the instant one do not ordinarily happen without negligence on someone's part. See special concurrence of Justice McGhee in Jontz v. Alderete, 64 N.M. 163, 326 P.2d 95. Such accidents are inconsistent with a total absence of negligence. In this case, the negligence of either or both parties must have proximately contributed to the occurrence. No other explanation is reasonably possible.

Faulkner v. Martin, 74 N.M. 159, 391 P. 2d 660, is not inconsistent with this result; it is distinguishable on its facts. There the approval of the court's action in giving an unavoidable accident instruction turned on the language of Lucero v. Torres, noted above, and the surprise incident to plaintiff's "looming" suddenly in front of defendant's car. That was not the situation here where defendant was proceeding with the sun in his eyes and never saw the minor plaintiff until after striking him. Neither did the sun appear suddenly and blind him, a circumstance which has been held to make a difference. See cases cited in note in 22 A.L.R.2d 292, at 408.

Because of the error in instructing on unavoidable accident, the case must be reversed and remanded for a new trial. It accordingly is unnecessary to discuss plaintiff's additional point.

The cause is reversed and remanded with instructions to grant a new trial and proceed in a manner consistent herewith.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.