504 P.2d 1089

Yolanda DELGADO, a minor, by Jesus Delgado, her father and next friend, and Jesus Delgado, Individually, Plaintiffs-Appellants,

v.

Roy C. ALEXANDER, Defendant-Appellee.

No. 921.

Court of Appeals of New Mexico.

Nov. 10, 1972.

Rehearing Denied Nov. 29, 1972.

Certiorari Granted Jan. 3, 1973.

Dan Sosa, Jr., Glenn B. Neumeyer, Sosa & Neumeyer, Las Cruces, for plaintiffs-appellants.

Edward E. Triviz, Las Cruces, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

The accident occurred on Solano, a north-south four-lane street in Las Cruces. Yolanda, a minor, claimed she was crossing Solano from east to west, pushing her bicycle within a marked cross-walk when struck by the car driven by defendant. Defendant claimed Yolanda attempted to cross in front of approaching traffic and was riding her bicycle across the cross-walk. The issues as to liability and damages were submitted to the jury. Its verdict was for defendant. Plaintiffs' appeal presents various points concerning instructions given and refused and the exclusion of certain evidence. Issues dispositive of the appeal are the instructions on: (1) stopping at a stop sign; (2) sudden emergency; and (3) unavoidable accident.

*Stopping at a stop sign.*

■ The trial court instructed the jury pursuant to § 64–18–29, N.M.S.A.1953 (original Vol. 9) as that section existed prior to its repeal by Laws 1965, ch. 91, § 2, and the enactment of the present section which appears in § 64–18–29, N.M.S.A.1953 (2nd Repl.Vol. 9, pt. 2). The instruction dealt with stopping at the entrance to a through highway and with stopping at an intersection where a stop sign is erected. Plaintiffs complain of both parts of the instruction. We consider only the "stop sign" portion of the instruction since that was plaintiffs' particular objection to the instruction before the trial court. See City of Albuquerque v. Ackerman, 82 N.M. 360, 482 P.2d 63 (1971).

■ The objection was that instructing the jury concerning stopping at stop signs injected a false issue into the case because there was no evidence that a stop sign was involved.

The intersection nearest to the accident scene is the intersection where Poplar Street joins Solano Street from the east. The only stop sign referred to in the testimony is located on the north side of Poplar, controlling traffic on Poplar entering Solano. Poplar is 40 feet wide. Projecting the south line of Poplar into Solano, the north edge of the cross-walk is 20 feet south of the projected line. The cross-walk is 12 feet wide. The accident occurred in the cross-walk, more than 60 feet from the stop sign.

The evidence is that Yolanda was crossing Solano within the cross-walk. There is no evidence that she entered Solano from Poplar. There is no evidence to which the stop sign instruction could apply. The instruction concerning the stop sign was erroneous because it injected a false issue into the case. Bolen v. Rio Rancho Estates, Inc., 81 N.M. 307, 466 P.2d 873 (Ct.App.1970) and cases therein cited.

*Sudden emergency.*

■ The trial court instructed the jury on "sudden emergency" pursuant to N.M. U.J.I. 13.14. Plaintiffs objected to this instruction on the basis that no unexpected peril was involved in the case.

Defendant was familiar with Solano Street; he knew of the cross-walk. He was driving north, in the inside lane, during daylight, on a clear day and within the speed limit. As he approached the cross-walk, there were three cars in the outside lane. One of these was a pick-up. ". . . [I]t was coming to a sudden stop. I was about three car lengths to the rear of him, in the inside lane. As a precautionary measure, I applied my brakes to stop, but I didn't see the girls until they had come from in front of the pick-up." Defendant didn't see how the girls entered the cross-walk because the pick-up obscured his vision. The reason defendant was stopping was because the other car was braking. That was the only reason he was braking until he saw the girls. When defendant saw the girls, he was already skidding to a stop. His car came to a stop ". . . about the same instant that she [Yolanda] made contact with the car."

Although defendant characterized the braking of the pick-up as an "emergency stop," this characterization is insufficient to raise a factual issue as to a "sudden emergency" under the facts of this case. N.M.U.J.I. 13.14 defines sudden emergency in terms of a person who ". . . is suddenly and unexpectedly confronted with peril arising from *either the actual presence of or the appearance of imminent danger to himself or another. . . .*" (Our emphasis). Defendant was not confronted with an unexpected peril in connection with the girls because he did not know of their presence until he was already coming to a stop. Defendant knew of the pick-up's sudden stop and responded by applying his brakes, but he made it clear that he did so as a precaution and not because of the presence or appearance of any danger.

■ Defendant would justify the instruction on the basis that it was his theory of the case. The answer is that a theory of the case instruction is not proper unless there is evidence to support the theory. Montoya v. Winchell, 69 N.M. 177, 364 P. 2d 1041 (1961); Aragon v. Speelman, 83 N.M. 285, 491 P.2d 173 (Ct.App.1971). Here, there is no evidence that defendant acted in response to a present or apparent peril. The instruction was erroneous because it injected a false issue into the case. Bolen v. Rio Rancho Estates, Inc., supra.

*Unavoidable accident.*

The trial court instructed on "unavoidable accident" in accordance with N.M.U.J. I. 13.9. Defendant objected that the instruction was ". . . absolutely not within any part of the factual situation of this case. . . ." The instruction defines "unavoidable accident" as ". . . an accident which occurs without having been proximately caused by negligence. . . ."

Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028 (1960) indicates the instruction might be applicable in the case of ". . .

sudden appearance and reasonably unanticipated presence of a pedestrian . . ." combined with circumstances presenting a fair issue as due care on the part of the driver of the motor vehicle. Such circumstances go no further than to show an absence of negligence on the part of the defendant driver.

New Mexico appellate decisions authorize the doctrine where the ". . ." jury could conclude that the accident occurred without the negligence of either party to the suit. . . ." See Elder v. Marvel Roofing Co., 74 N.M. 357, 393 P.2d 463 (1964). When there is no negligence on the part of either party, then there is no negligence on the part of the defendant driver.

N.M.U.J.I. 13.9 does not restrict the concept to the parties in the suit. It defines the concept in terms of an accident not proximately caused by negligence. This is logical because if a non-party's negligence caused the accident, then the accident was not "unavoidable." In this situation, as in the previous discussion, there is no negligence on the part of the defendant driver.

In this case, there is evidence that the driver of the vehicle in the outside lane of Solano came to a stop without entering the cross-walk and waved to Yolanda to cross in front of the vehicle. Thus, even if Yolanda and defendant were not negligent, the accident was not unavoidable if the driver of the vehicle in the outside lane was negligent and that negligence proximately caused the accident.

Under the facts of this case, we are inclined to the view that this accident could not have happened without negligence on the part of either Yolanda, defendant or the driver of the vehicle in the outside lane; that the accident is inconsistent with the absence of negligence. Worrick v. Alarid, 75 N.M. 67, 400 P.2d 627 (1965). Since the judgment for defendant must be reversed because of the erroneous "stop sign" and "sudden emergency" instructions, we do not decide whether, under the facts,

an instruction on unavoidable accident was proper.

Instead, we hold that unavoidable accident is no longer an affirmative defense.

Williamson v. Smith, 83 N.M. 336, 491 P.2d 1147 (1971) held that assumption of risk should no longer be recognized as an affirmative defense. In doing so, our Supreme Court stated:

> "We have examined the New Mexico cases on this subject and have concluded that each occasion which has heretofore been the subject of 'assumption of risk' in the secondary sense, could have been covered entirely by the reasonable man standard of contributory negligence. *Defendant should not be allowed to plead contributory negligence twice. 'Once is enough.'*" (Our emphasis) (Citation omitted)

We have pointed out that the concept of unavoidable accident includes the concept that defendant was not negligent. But the absence of negligence becomes an issue when defendant denies his negligence. Thus, defendant is permitted to plead and have the jury instructed on his absence of negligence both by his denial and by his affirmative claim of unavoidable accident. We agree with plaintiff in Flanary v. Transport Trucking Stop, 78 N.M. 797, 438 P.2d 637 (Ct.App.1968)—the concept of unavoidable accident is unnecessary since plaintiff has the burden of proving negligence and an unavoidable accident is one without negligence.

█ Our New Mexico Supreme Court affirmed the concept of unavoidable accident in Gallegos v. McKee, 69 N.M. 443, 367 P.2d 934 (1962) and Lucero v. Torres, supra. This court has followed those decisions. Boyd v. Cleveland, 81 N.M. 732, 472 P.2d 995 (Ct.App.1970); Flanary v. Transport Trucking Stop, supra. Under the reasoning of Williamson v. Smith, supra, the concept of unavoidable accident, which gives a defendant a second issue as to his absence of negligence, is not valid. The reasoning of *Williamson,* supra, casts doubt on the continuing applicability of

those portions of Gallegos v. McKee, supra, and Lucero v. Torres, supra, which affirm the concept of unavoidable accident. Our Supreme Court spoke of continuing reform of tort law in Stang v. Hertz Corporation, 83 N.M. 730, 497 P.2d 732 (1972). Accordingly, we hold that unavoidable accident shall no longer be an affirmative defense and that N.M.U.J.I. 13.9 shall no longer be given. These changes apply to all cases tried hereafter. Williamson v. Smith, supra.

■ Since this case must be retried, only one other issue requires comment. Instructing that a bicycle rider is subject to the rules of the road except as to special regulations applicable to bicycles, is vague and of little aid to the jury. Rather, the jury should be told what rules applied to the bicycle rider under the facts of the case.

The judgment is reversed and remanded for a new trial.

It is so ordered.

SUTIN, J., concurs.

COWAN, J., concurring in part and dissenting in part.

COWAN, Judge (concurring in part and dissenting in part).

I concur in the result reached by the majority opinion on the questions of the stop sign and sudden emergency instructions.

I dissent because of the banishment of unavoidable accident as an affirmative defense. The majority opinion adopts the reasoning in Williamson v. Smith, 83 N.M. 336, 491 P.2d 1147 (1971), where our Supreme Court more or less exiled the affirmative defense of assumption of risk, the theory being that this defense was included within the defense of contributory negligence. The majority opinion reasons that unavoidable accident is included in the defense of a general denial or lack of negligence on the part of the defendant. It seems to me that the true underlying reason for the courts' action in *Williamson* and now in this case is reflected in Justice Oman's specially concurring opinion in the former case, where he stated, referring to the defenses of assumption of risk and contributory negligence:

"Unfortunately, the differences between these two concepts seem not to have been fully understood by many of our lawyers and judges, and this lack of understanding has unquestionably caused confusion and doubt in the application of these defenses to many factual situations. . . ."

Merely because some lawyers and judges fail to understand the fine distinction between some defenses seems to me small reason for either exterminating or combining them. I am of the opinion that this defense of unavoidable accident all too frequently has been applied erroneously in casualty cases by both courts and trial attorneys. There are, however, evidentiary situations where the defense is not only appropriate but is necessary for the jury's clear understanding of the issues. The same is true of the defense of assumption of risk. Both defenses should be retained in our civil trial procedure and jury instructions. Change does not necessarily equate with reform.