This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40722**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**STEPHEN SWAIM,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals from his conviction for five counts of criminal sexual penetration of a minor (CSPM). We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Our calendar notice proposed to affirm based on our suggestion that the State met its threshold burden of demonstrating that its expert witness, Michael Castenell, was qualified to testify under Rule 11-702 NMRA, and that Defendant failed to

demonstrate the district court's decision to admit Castenell's testimony was an abuse of discretion. [CN 6] In his memorandum in opposition, Defendant continues to argue that the district court erred in admitting the expert testimony because Castenell was not qualified and did not provide testimony helpful to the trier of fact. [MIO 9] Specifically, Defendant asserts that Castenell's "methodologies were inapplicable to the facts of the case[.]" [MIO 9, 11]

**{3}** Defendant points to the fact that Castenell's degree is in social work, rather than psychology, as indicative of his lack of qualifications because "[a] license to practice psychology provides access to objective, third-party test administration and scoring." [MIO 9-10] According to Defendant, however, Castenell administered portions of the same test as that his own expert psychologist administered. [MIO 3-5] While Defendant may be correct that distinctions exist between a degree in psychology and one in social work, pointing out one such distinction does not disprove our proposed conclusion that Castenell's doctorate degree and decades of experience teaching and performing psychological evaluations and diagnoses was sufficient "scientific, technical, or other specialized knowledge" for the district court to determine he was qualified to testify as an expert. [CN 5-6, MIO 5-6] *See* Rule 11-702. Defendant has not only failed to identify inadequacies in Castenell's knowledge, training, or experience, but has also failed to cite any authority suggesting only a psychologist—not a social worker with "sufficient knowledge, skill, training, or expertise"—is qualified to testify in a sexual abuse case such as this. *Cf. Hanberry v. Fitzgerald*, 1963-NMSC-100, ¶ 11, 72 N.M. 383, 384 P.2d 256 (concluding that a doctor in general practice could properly provide expert testimony even though specialists were available, acknowledging that the lack of qualification in specialty medicine went to the weight rather than the admissibility of the testimony). "[A]ny perceived deficiency in education and training is relevant to the weight accorded by the jury to the testimony and not to the testimony's admissibility." *State v. McDonald*, 1998-NMSC-034, ¶ 21, 126 N.M. 44, 966 P.2d 752 (text only) (citation omitted).

**{4}** Regarding Defendant's assertion that Castenell's testimony did not assist the trier of fact, Defendant asserts the tests given by Castenell were incomplete and were not relevant to the facts of the case. [MIO 6, 11] In supporting this argument, Defendant highlights the testimony of his own expert to suggest that Castenell's methodology was flawed and discredited by testimony from his own expert. [MIO 6, 11] Such an argument is relevant to the weight, rather than the admissibility, of the testimony. *Cf. Conception and Rosario Acosta v. Shell W. Expl. and Prod., Inc.*, 2016-NMSC-012, ¶ 41, 370 P.3d 761 (concluding that trial court "improperly blurred the line between the [trial] court's province to evaluate the reliability of [an expert's] methodology and the jury's province to weigh the strength of [an expert's] conclusions" citing to distinction between "the threshold question of admissibility of expert testimony and the persuasive weight to be accorded such testimony by a jury" (internal quotation marks and citation omitted)); *State v. Aleman*, 2008-NMCA-137, ¶ 24, 145 N.M. 79, 194 P.3d 110 (noting that disputes regarding "the accuracy of the [12-step drug recognition protocol's] methods is a question of weight of the evidence and not to its admissibility"). "It is the role of the jury or the trier of fact to ascertain the weight of expert opinion testimony." *State v.*

*Espinoza*, 2023-NMCA-012, ¶ 29, 525 P.3D 429; *see State v. Alberico*, 1993-NMSC-047, ¶ 37, 116 N.M. 156, 861 P.2d 192 (explaining that it is "the most basic function of a jury to arbitrate the weight and credibility of evidence, even expert opinion testimony"). To the extent Defendant's argument essentially invites us to reweigh the expert testimony, we decline to do so. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence.").

**{5}** Defendant also argues, as he did in his docketing statement, that the passage of time prejudiced his ability to conduct a meaningful investigation and prepare a defense. [DS 4; MIO 13] In our notice of proposed disposition, we proposed to conclude that Defendant had not established the prejudice necessary to warrant reversal. [CN 6] *See State v. Fierro*, 2014-NMCA-004, ¶ 28, 315 P.3d 319 (stating that prejudice caused by pre-indictment delay must be established "by more than mere conjecture," that "vague and conclusory allegations of prejudice" are insufficient, and that prejudice must be more than nominal). In his memorandum in opposition, Defendant claims that he was unable to investigate the letter corroborating Victim's allegations, demonstrate inconsistencies in the contents of the letter, or question witnesses who may have read the letter. [MIO 14]

**{6}** Defendant asserts that, because several adults read the letter in question but failed to report the possible abuse to authorities, "there is reason to believe" investigation of the letter or the witnesses would have led to exculpatory evidence. [MIO 14] Defendant's assertion regarding the exculpatory nature of any potential evidence amounts to little more than conjecture. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *see also Elder v. Marvel Roofing Co.*, 1964-NMSC-152, ¶ 9, 74 N.M. 357, 393 P.2d 463 ("A bare possibility, unsupported by the evidence would amount to nothing more than pure speculation and conjecture which cannot be made the basis for an inference of fact." (citation omitted)). Moreover, because Defendant was free to, and apparently did, present the jury with his theory that the failure of the adults to report the incident was indicative of the veracity of the letter's contents, any prejudice he may have suffered is minimal. [1 RP 207]

**{7}** Finally, we address Defendant's allegation that the evidence was not sufficient to support his convictions. [MIO 15] Our calendar notice proposed to affirm Defendant's convictions, noting that testimony from a victim is generally sufficient to support conviction, provided the victim testifies to each element of the crime. [CN 8] In his memorandum in opposition, Defendant maintains that without the letter and witnesses to the letter, "the uncorroborated testimony is insufficient to support the charges." We disagree. *See State v. Hunter*, 1984-NMSC-017, ¶ 8, 101 N.M. 5, 677 P.2d 618 ("[I]n a prosecution for criminal sexual penetration, the testimony of the victim need not be corroborated and the lack of corroboration has no bearing on the weight to be given the testimony."); *see also State v. Hamilton*, 2000-NMCA-063, ¶ 20, 129 N.M. 321, 6 P.3d

1043 (recognizing that the testimony of a single witness is sufficient to constitute substantial evidence supporting a finding).

**{8}** Defendant has not otherwise presented any facts, authority, or argument in his memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{9}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**