495 P.2d 376

**Carlton H. HORGER, Plaintiff-Appellee,**

v.

**MUTUAL OF OMAHA INSURANCE COMPANY, Defendant-Appellant.**

No. 9366.

Supreme Court of New Mexico.

March 31, 1972.

Shipley, Durrett, Conway & Sandenaw, Alamogordo, for defendant-appellant.

S. Thomas Overstreet, Alamogordo, for plaintiff-appellee.

## OPINION

McMANUS, Justice.

On July 9, 1969, Carlton H. Horger, plaintiff-appellee, entered into a contract of sickness and accident insurance with Mutual of Omaha Insurance Company, defendant-appellant. On July 11, 1969, plaintiff suffered accidental bodily injury and timely filed a notice of claim and proof of loss but defendant refused to pay the named benefits. Plaintiff then brought suit in the District Court of Otero County, on June 1, 1970 against defendant who answered, setting up two affirmative defenses and a counterclaim.

The first affirmative defense alleged fraud on the part of the plaintiff based on the fact that the monthly income stated on the application for insurance was in excess of his actual monthly income (a contention not pursued on appeal), and that he failed to advise the insurer that a similar sickness and accident policy was in effect with Allstate Insurance Company. The defendant further alleged that it would not have issued the policy had the true facts been disclosed at the time of the application.

The second affirmative defense alleged that the defendant attempted to cancel and rescind the policy, and tendered a return of all premiums to the plaintiff as a result of the fraud perpetrated by the plaintiff.

The counterclaim asked that the court rescind the contract and allow defendant to

recover costs and other relief as the court deemed just. The counterclaim was based on the same allegations stated in the first and second affirmative defenses.

The cause was tried before a jury and judgment entered for the plaintiff in the sum of $6,419.44. The defendant had moved for a directed verdict at the close of the plaintiff's evidence and for judgment non obstante veredicto following trial. Both motions were denied. It is from this verdict and judgment for the plaintiff that the defendant now appeals.

The defendant sets down four major points for reversal. We will discuss only the first two which are as follows:

"POINT I: The court erred in denying defendant-appellant's motion for a directed verdict and for judgment non obstante veredicto because of plaintiff's concealment, or misrepresentation of a fact which was material to the risk assumed by defendant and which was proven by uncontradicted testimony upon which reasonable minds could not draw a different conclusion.

"POINT II: Where the insurer's defense in a case is misrepresentation resulting from false answers or omissions to questions given in the insured's application as to matters material to the risk, the insurer is entitled to instructions that actual fraud need not be proved and that misrepresentation as to a fact material to the risk, even though innocently made, would avoid the policy."

Defendant's third point deals with the taxing of the cost of reproduction of a transcript of a deposition and the fourth point concerns the taxing of costs of an expert witness who did not testify. In light of our decision in this case it will be unnecessary to discuss the latter two points.

The pertinent facts follow. Plaintiff mailed a business reply card inquiring about an insurance offer by Mutual of Omaha, defendant herein. The card was answered by the local agent, Ted Forbes, who was authorized to take applications. Forbes discussed the plaintiff's insurance needs and prepared an application for an income disability policy. The application included the now-disputed question No. 9, reading: "What insurance is held or has been applied for by you or your dependents?" The only answer written in was, "Aetna Group Hospital." The policy was issued on the basis of this application. Testimony was also given to the effect that defendant's agent, Forbes, had incorrectly read question No. 9 to the plaintiff in that Forbes asked only what insurance plaintiff actually had, and that the plaintiff had not himself read the application. This testimony was contradicted by that of Forbes.

The plaintiff had applied for similar insurance from Allstate Insurance Company less than one month before his application to Mutual of Omaha. Plaintiff testified to the effect that he applied for the Mutual of Omaha policy because he did not think he was going to be insured by Allstate. He is now collecting benefits under the Allstate policy.

On July 11, 1969, the plaintiff splashed battery acid in his right eye while working at Holloman Air Force Base and he has continued to have trouble with the eye even though the attending physicians have been unable to find anything physically wrong. At any rate, the plaintiff has had numerous emotional problems and continued loss of vision in the right eye, resulting in an inability to return to work as a heavy equipment operator.

One month after the accident, on August 12, 1969, defendant sent a photocopy of the application, with a letter of transmittal, asking the plaintiff to review the application and determine if it was "incomplete in any respect" and, if so, to return it with the additional information. Plaintiff checked the box indicating that he had reviewed the application and found the answers to be correct. Testimony indicated

that he had compared the photocopy with his copy, found them to be the same and returned the letter without actually reading the application.

Mutual of Omaha defended the suit and now asks for reversal of the judgment on the basis that the omission of information on the questionnaire concerning the All-state insurance was a material omission and thus voids the policy.

Recent New Mexico cases dealing with the present problem include Modisette v. Foundation Reserve Insurance Co., 77 N. M. 661, 427 P.2d. 21 (1967), wherein it was stated:

"The general rule, and the rule consistent with principles of contract and the duty of fair dealing, which is the duty imposed upon both the insurer and the insured, is that if misrepresentations be made, or information withheld, and such be material to the contract, then it makes no difference whether the party acted fraudulently, negligently, or innocently. * * *

"If the information withheld, or the misrepresentations made, were material, then defendant was entitled to void the policy in the absence of waiver or estoppel. * * *"

The Court went on to state:

"A representation or concealment of a fact is material if it operates as an inducement to the insurer to enter into the contract, where, except for such inducement, it would not have done so, or would have charged a higher premium. * * *"

The case under discussion dealt with an automobile comprehensive policy. The insured had concealed, by false answers, the facts that a previous policy had been cancelled for non-payment of premiums and that he had been denied coverage during the preceding 36 months.

This differs from the case at bar in that here we are dealing with a policy for income benefits and that there is substantial evidence to the effect that the question asked by the defendant's agent was, "if he had any insurance" and "if so, what insurance did he have," rather than question No. 9 as previously noted. The question propounded by the agent had been truthfully answered, i. e., plaintiff did have insurance and it was with Aetna. That particular question does not lend itself to the answer that plaintiff had applied for insurance with Allstate. The testimony is confused and contradictory but the evidence submitted was adequate to prevent the lower court from granting appellant's motions, as previously stated. The materiality of the misrepresentation is ordinarily a matter for the finder of facts. Tsosie v. Foundation Reserve Insurance Co., 77 N. M. 671, 427 P.2d 29 (1967); Modisette v. Foundation Reserve Insurance Co., supra. Therefore, the court did not err in this regard and the cause was properly submitted to the jury.

Defendant's Point II is well taken, however, because of the evidence adduced at the trial that the misrepresentation made by the plaintiff could have been unintentional and the jury should have been given the opportunity to consider this factor in its overall deliberations. In Tsosie v. Foundation Reserve Insurance Co., supra, Justice Oman's specially concurring opinion, at 77 N.M. 678, 427 P.2d at 33, states:

"It is recognized in the opinion that the correct rule of law applicable in insurance cases is no different than that applicable in mercantile transactions. The rule is that if a misrepresentation be made, or information be withheld, and such be material to the contract, then it makes no difference whether the party making the misrepresentation or withholding the information acted innocently or with an intent to deceive."

See also, Fierro v. Foundation Reserve Insurance Co., 81 N.M. 225, 465 P.2d 282 (1970); Ham v. Hart, 58 N.M. 550, 273 P.2d 748 (1954); Bennett v. Finley, 54 N.M. 139, 215 P.2d 1013 (1950), and Modisette v. Foundation Reserve Insurance Co., supra.

The instruction given to the jury on the subject was, as follows:

"No. 16. You are instructed that, in order that misrepresentations made in procuring insurance shall have the effect to make the policy void, such misrepresentations must be material to the risk, or influenced the issuing of the policy, are questions for the jury to determine from the evidence.

"The Court instructs the Jury that, in order for the Defendant company in this suit to be entitled to a verdict in its favor, on the ground that the policy was void because of misrepresentation by the plaintiff in procuring the insurance, the defendant company must prove to the satisfaction of the jury that the Plaintiff made such misrepresentations, and that they were as to matters material to the risk."

This instruction does not state all of the alternatives, and it is the duty of the court to instruct the jury on the law applicable to the case. See Floeck v. Hoover, 52 N.M. 193, 195 P.2d 86 (1948); Gallegos v. McKee, 69 N.M. 443, 367 P.2d 934 (1962).

The defendant was prejudiced by the court's failure to instruct the jury that the misrepresentation need not have been intentional to void the policy.

The cause is remanded for a new trial in a manner consistent with this opinion.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.