514 P.2d 1312

**Carolyn B. HILL, Administratrix of the Estate of Michael D. Hill, Deceased, Plaintiff-Appellant,**

v.

**Frank R. BURNWORTH, Defendant-Appellee.**

**No. 1050.**

Court of Appeals of New Mexico.

Sept. 26, 1973.

**616**

John S. Spence, Alamogordo, for plaintiff-appellant.

Stuart D. Shanor, Hinkle, Bondurant, Cox & Eaton, Roswell, for defendant-appellee.

## OPINION

HERNANDEZ, Judge.

Plaintiff appeals from a jury verdict in favor of defendant in a wrongful death action which arose out of an intersection collision that resulted in the death of her husband.

We affirm.

Plaintiff assigns four points of error.

The first point raised is that the trial court erred in permitting defendant's expert witness to answer a hypothetical question based, in part, on facts not in evidence. The facts not in evidence according to plaintiff were "that it took defendant four seconds to travel from the stop sign to the point of impact." Plaintiff's objection, however, was as follows:

"* * * this hypothetical question assumes facts which are not in evidence. As a matter of fact, they are contrary to the testimony of Mr. Burnworth, who said that the vehicle was at Sycamore, about half a block away and Mrs. Burnworth testified that the lights of other vehicle were at Sycamore."

The objection as worded did not call the trial court's attention to the matter now complained of. Hence it will be treated as if no objection had been made. Williams v. Vandenhoven, 82 N.M. 352, 482 P.2d 55 (1971). We further point out that the expert witness had testified earlier, without objection, that in his opinion it took four seconds for the Burnworth vehicle to travel from the stop sign to the point of impact. As another part of point I, plaintiff argues that the trial court erred "in refusing to order the defendants to produce for plaintiff's inspection and proper cross-examination of the said witness the source of the facts upon which the hypothetical testimony was based." We believe that plaintiff means to say "the facts upon which the hypothetical question was based" not the "hypothetical testimony." Plaintiff refers to a synopsis of an interview between Mr. Burnworth and his attorney which had been furnished the expert witness. After making his demand for the synopsis and the response by defendant's counsel the following colloquy took place: " 'I think maybe you can inquire of him as to what he predicated the matter on, other than what he's testified to here, Mr. Spence'. Mr. Spence: 'All right. We won't belabor the point, your honor.' " It is our opinion that by these words plaintiff abandoned his prior request and cannot now be heard to complain. We add that plaintiff did not question the witness further as to whether he

based his opinion on information contained in the synopsis. Compare State v. Snow, 84 N.M. 399, 503 P.2d 1177 (Ct.App.1972).

■ Plaintiff's second point of error was that the trial court erred in "rejecting plaintiff's tender of the testimony of her own expert witness in rebuttal to that of the testimony of defendant's expert witness." The tender went to acceleration rate per second over a four second interval. The witness' answers, as to his qualifications to testify as to this rate, indicate a lack of qualification. In not allowing this testimony, the trial court exercised its discretion, and its ruling was neither an abuse of discretion nor manifestly wrong. Wood v. Citizens Standard Life Insurance Company, 82 N.M. 271, 480 P.2d 161 (1971); Hayes v. Hagemeier, 75 N.M. 70, 400 P.2d 945 (1963).

Plaintiff's third point of error is that the court erred in giving instruction No. 5 which was to the effect that by statute it is unlawful for a person who is under the influence of intoxicating liquor to operate any vehicle; that the speed limit at the place where the accident occurred was 45 miles per hour and if they found that the plaintiff's decedent violated either of these statutes that such conduct constituted negligence as a matter of law.

■ It was the trial court's duty to instruct the jury on the law applicable to issues of fact raised by the proof. Horger v. Mutual of Omaha Insurance Company, 83 N.M. 596, 495 P.2d 376 (1972); Gallegos v. McKee, 69 N.M. 443, 367 P.2d 934 (1962). One of defendant's affirmative defenses was contributory negligence and the record discloses substantial evidence as to decedent's violation of both the statutes referred to in the instruction. The trial court did not err in giving this instruction.

■ Plaintiff's fourth point of error is that the trial court erred in denying her motion for a new trial on the grounds of newly discovered evidence pursuant to Rule 60(b)(2) [§ 21–1–1(60)(b)(2), N.M.S.A. 1953 (Repl. Vol. 4)]. "Such a motion is addressed to the discretion of the trial court." Latta v. Harvey, 67 N.M. 72, 352 P.2d 649 (1960). The prerequisites for granting of a new trial are:

"(1) It must be such as will probably change the result if a new trial is granted;

"(2) it must have been discovered since the trial;

"(3) it must be such as could not have been discovered before the trial by the exercise of due diligence;

"(4) it must be material to the issue;

"(5) it must not be merely cumulative to the former evidence;

"(6) it must not be merely impeaching or contradictory to the former evidence."

State v. Luttrell, 28 N.M. 393, 212 P. 739 (1923). If the movant fails to establish any of the six grounds, the motion is properly denied. See Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc., 84 N.M. 524, 505 P.2d 867 (Ct.App.1972).

After considering the affidavit and evidence offered in support of the motion, the trial court made findings consistent with the above requirements.

It found that the evidence was not such as could not have been discovered by the exercise of due diligence prior to trial. It also found the evidence was not of a character " * * * as would with any reasonable probability compel a different result in the event of a new trial. * * * " See Floeck v. Hoover, 52 N.M. 193, 200, 195 P.2d 86 (1948). While plaintiff complains of the phraseology of this finding, we do not understand the trial court to be using a standard different from the requirement that it be such "as will probably change the result if a new trial is granted.

Both of these findings, the "due diligence" and "probably change the result" necessarily involve the trial court's evaluation of the evidence.

■ It is undisputed that the witness Cooper was a passenger in decedent's vehicle at the time of the accident . Plaintiff at-

tempted to locate him prior to trial. In this search, plaintiff learned that Cooper had relatives in the Portales area. The uncontradicted statement of counsel is that he twice employed the services of a private investigator in the Portales area in an effort to locate Cooper. Yet, Cooper's evidence at the motion hearing is that he was in contact with his daughter periodically (sending her money) and that, when he telephoned his daughter, subsequent to the trial, the daughter informed him that decedent's wife had left a telephone number for Cooper to call. On cross-examination, Cooper agreed with defense counsel that had such a message been left for him earlier it could have been given to him during his earlier contacts with his daughter. He also admitted that his daughter had his address during this critical time and had written to him.

There are contradictory inferences from the evidence as to "due diligence." With this conflict, we cannot say the trial court abused its discretion in denying the motion on this ground.

Cooper's testimony went primarily to decedent's drinking and speed. The trial court necessarily evaluated that testimony in determining it would not, to any reasonable probablity, change the result if a new trial were granted. Cooper testified that while with decedent in a bar shortly before the accident, decedent had 2 or 3 beers, and that decedent was in the bar when Cooper arrived. The evidence at trial was 3 or 4 beers. Cooper testified that decedent's speed before the collision was 45 miles per hour. While this speed testimony would have been "new", it had to be evaluated in the light of the higher speeds testified to at trial and the physical facts of the accident. In the light of the trial record, we cannot say the trial court abused its discretion in ruling that the newly discovered testimony would not, to any reasonable probability, change the result.

Affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.