This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JESSIE LUCERO, A widow and successor in interest of LENORE SEVILLE OTERO, deceased; THE ANDERSON LIVING TRUST, Dated January 25, 2001, DONALD L. ANDERSON and MELA ANDERSON, Trustees,**

 **Plaintiffs-Appellees,**

**v.**              **NO. 29,885**

**ALFRED LUNA,**

 **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Matthew G. Reynolds, District Judge**

Catherine F. Davis
Albuquerque, NM

for Appellees

Alfred Luna
Estancia, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals the denial of his Rule 1-060(B) NMRA motion to reopen the quiet title judgment decided on May 14, 2007. We proposed to affirm in a calendar notice, and Defendant has responded to that notice with a memorandum in opposition. We have duly considered Defendant's arguments, but we are unpersuaded by them. We therefore affirm.

The quiet title judgment was appealed to this Court. We affirmed the judgment and mandate issued from this Court on May 28, 2008. Defendant filed a Rule 1-060(B) petition on February 9, 2009, claiming that there was evidence of fraud "that was discovered during the trial," and the evidence was not heard by the district court. [RP 478] Defendant claimed that the fraud had continued for many years and continued during the trial. [RP 479] Defendant claimed that the fraud evidence was not presented because his attorney did not wish to bring up issues regarding fraud. [Id.] In our calendar notice, we explained that Rule 1-060(B)(2) allows for the reopening of a judgment for newly-discovered evidence "which by due diligence could not have been discovered in time to move for a new trial under Rule 1-059 NMRA." In this case, because Defendant knew of the evidence during trial, there was no support for Defendant's Rule 1-060(B) motion. *See Hill v. Burnworth*, 85 N.M.

615, 617-18, 514 P.2d 1312, 1314-15 (Ct. App. 1973) (discussing rule for reopening a judgment and stating that evidence discoverable by due diligence precludes a new trial).

Defendant now claims that his Rule 1-060(B) motion could have been viewed as a motion under Rule 1-059 NMRA. We disagree with Defendant's claim. A motion under Rule 1-059 must be filed within 10 days of the judgment. Defendant's Rule 1-060(B) motion was filed over two and one-half years after judgment was entered. The motion was not timely filed as a motion for new trial.

For the reasons discussed above and in our calendar notice, we affirm the denial of Defendant's Rule 1-060(B) motion.

**IT IS SO ORDERED**.

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Judge**


_____
**MICHAEL E. VIGIL, Judge**

3