This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JANE EHRENREICH, and**
**MARSHALL HOT SPRINGS, LLC,**

      Plaintiffs-Appellants,

v.                                   **NO. 29,835**

**ALAN BYRNE A/K/A MAGUATHA,**
**MELEASE MALZAHN, TIERRA DE**
**SUENO, INC., SEA PROPERTIES, LTD.,**
**SIDNEY BRYAN and WOODY CRUMBO,**

      Defendants-Appellees,

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Kevin Sweazea, District Judge**

Martin E. Threet & Associates
Martin E. Threet
Albuquerque, NM

Joseph L. Romero
Santa Fe, NM

for Appellants

Jocelyn R. Castillo
Terry D. Farmer
Albuquerque, NM

Dennis W. Hill
Albuquerque, NM

for Appellees

# MEMORANDUM OPINION

**FRY, Chief Judge.**

Plaintiffs appeal from the district court's order denying their Rule 1-060(B) NMRA motion to set aside its previous order granting summary judgment to Defendants Meleasa Malzahn and Tierro De Sueno, Inc. (Buyers). We proposed to affirm in a notice of proposed summary disposition, and Plaintiffs have filed a timely memorandum in opposition. Remaining unpersuaded by Plaintiffs' memorandum, we affirm.

We review the district court's decision on whether to grant relief pursuant to Rule 1-060(B) for abuse of discretion unless the only issue presented is one of law. *Kinder Morgan CO2 Co. v. State Taxation & Revenue Dep't*, 2009-NMCA-019, ¶ 9, 145 N.M. 579, 203 P.3d 110. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

On September 10, 2008, the district court granted summary judgment to Buyers because it found, as a matter of law, that Plaintiffs did not have an easement on Buyers' property in order to access Plaintiffs' reserved water rights. [RP 694; DS 6] On February 10, 2009, Plaintiffs filed a motion to set aside the judgment pursuant to Rule 1-060(B)(1), (2) and (6). [RP 730-735] They stated that during the earlier

proceedings, the parties had argued as to whether Plaintiffs had access to their retained water rights under implied easement and estoppel theories, but that none of the parties addressed whether Plaintiffs had an express easement to access the retained water rights. [RP 731 ¶¶ 3-4] They further claimed that they had learned that such an express easement did in fact exist. [RP 731 ¶ 5] They then sought relief from judgment pursuant to Rule 1-060(B)(1), (2) and (6). [RP 731-732 ¶¶ 9-12]

In support of their motion, Plaintiffs attached a document captioned Declaration of Owner of Underground Water Right, and dated May 1, 1962 ("Declaration"). [RP 736-737] They also attached a portion of the warranty deed conveying the property to Tierro de Sueno, [RP 738] and an affidavit of William M. Turner. [RP 739-743]

The Declaration acknowledges water rights and identifies the source of the water supply. [RP 736] It identifies the location of the well, and acknowledges that the water is appropriated for drinking water on the premises and for filling containers for removal from the premises. [RP 736] It says nothing about the surrounding land and nothing about any easements on that land.

In the affidavit, Turner notes that the Declaration is for rights in geothermal ground water and that the rights retained were for the use of the water and the right to bottle and remove the water from premises. [RP 736, 740 ¶ 9] He also states that because of the unique characteristics of the water, the well cannot be replicated at a

4

different site and therefore must remain at its present location. [RP 741 ¶ 15] Finally, he claims that it would be impossible to transfer the water rights to another diversion location because "the hydraulics of the geothermal water system is highly variable and cannot be known a *priori* at a proposed new location [and] the problems that developed after [Plaintiffs] sold [their] water rights would have made it highly unlikely that the transfer process could ever have been completed even if [they] could locate an identical supply." [RP 743 ¶ 24]

**Rule 1-060(B)(2)**

Plaintiffs recognize that they are only entitled to relief based on newly discovered evidence pursuant to Rule 1-060(B)(2) if they meet the six prerequisites set forth in *Hill v. Burnworth*, 85 N.M. 615, 617, 514 P.2d 1312, 1314 (Ct. App. 1973). [MIO 3] The six prerequisites are: "(1) the new evidence would probably change the result[,] (2) it has been discovered since the trial[,] (3) it could not have been discovered before trial through the exercise of due diligence[,] (4) it is material to the issues in the case[,] (5) it is not merely cumulative[,] and (6) it is not merely impeaching or contradictory." *Pena v. Westland Dev. Co.*, 107 N.M. 560, 564, 761 P.2d 438, 442 (Ct. App. 1988). If the movant fails to establish any of the six grounds, the motion is properly denied. *Hill*, 85 N.M. at 617, 514 P.2d at 1314.

Plaintiffs urge this Court to reverse the order denying their motion pursuant to Rule 1-060(B)(2) because they claim the district court applied an incorrect legal standard when analyzing Plaintiffs' motion. [MIO 2-3] They contend that the district court applied the wrong legal standard when determining whether the first prerequisite was met, whether the new evidence "will probably change the result." *Hill*, 85 N.M. at 617, 514 P.2d at 1314 (internal quotation marks and citation omitted). [MIO 4] At the hearing on Plaintiffs' motion, the district court recognized that in order for Plaintiffs to be successful, they needed proof of an express easement. [RP 835] It then found that Plaintiffs "would not likely be successful in that part of the claim" and denied Plaintiffs' motion. [RP 835] In the order denying Plaintiffs' motion, the district court stated that "Plaintiffs failed to establish **a substantial likelihood that they will prevail on the merits** of their action which is a requirement for setting aside a final judgment." [RP 836 (emphasis added)]

Plaintiffs contend that the district court applied the wrong standard because "probably change" is not the same as "substantial likelihood" in concluding that relief should be denied. [MIO 4-5] They argue that "probably change" is a much more relaxed standard and thus embodies a lesser burden of proof on the movant. [MIO 4]

We agree with Plaintiffs that "probably change" the result requires less of a showing than "substantial likelihood" of prevailing. [MIO 4] However, we are not

6

convinced that the failure of the district court to reflect the correct standard in its order warrants reversal of that order. *See In re Estate of Heeter*, 113 N.M. 691, 695, 831 P.2d 990, 994 (Ct. App. 1992) ("On appeal, error will not be corrected if it will not change the result."); *see also State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct. App. 1994) ("In the absence of prejudice, there is no reversible error."). [MIO 4-5]

As discussed more fully in our previous notice of proposed summary disposition, the district court was correct in concluding that the Declaration does not establish an express easement across Buyers' property. [RP 835-836] It is undisputed that Plaintiffs had water rights at the time the property was sold to Buyers and that the warranty deed conveying the property to Buyers specifies that Seller is to retain certain water rights on HS-214 and 3 acre feet of water rights on HS 2-15 and states that the sale is subject to all restrictions, reservations and easements of record. [MIO 2; RP 738] However, merely because Plaintiffs retain certain water rights, they are not entitled to an easement across Buyers' property to access those rights unless such an easement is created by the terms of the Declaration.

Plaintiffs contend that the Declaration creates an easement because no specific words are required and the intent to create an easement can be inferred. [MIO 8] We disagree. Although no particular words are necessary to create an easement, an

express easement requires "words which clearly show [an] intention to grant an easement" and the language used must be "certain and definite in its term. "*Martinez v. Martinez*, 93 N.M. 673, 675, 604 P.2d 366, 368 (1979). Plaintiffs rely on the holding in *Martinez*, [MIO 8] but unlike *Martinez*, there is nothing in the Declaration conveying a "right of ingress and egress." *Id.* Nor is there any language conveying a "right to go over and across" another's property. *Skeen v. Boyles*, 2009-NMCA-080, ¶ 21, 146 N.M. 627, 213 P.3d 531 (internal quotation marks omitted). [MIO 8]

Moreover, we disagree with Plaintiffs' contention that language specifying the water rights reserved and that the water is to be used to fill containers "for removal from the premises," is sufficient to create an easement. [RP 736; MIO 8-9] Even though this language suggests the intended use of the water, it fails to make any showing of an intent to grant such an easement. [RP 736-737] *See id.* (holding that language granting a "right to go over and across" describes "an express grant of an interest in land, in this case an easement" (internal quotation marks omitted)). In the absence of any language conveying a right of egress and ingress or a right to cross over another's property, the Declaration is only a declaration of vested water rights. *See* NMSA 1978, § 72-12-5 (1931).

Based upon the language of the Declaration, we are of the opinion that Plaintiffs have failed to show that the newly discovered Declaration would "probably change"

the result of the litigation; to the contrary, they have failed to establish any possibility that the Declaration could result in establishing an easement across Buyers' property because the language does not create an express easement. *See Pena*, 107 N.M. at 564, 761 P.2d at 442.

**Rule 1-060(B)(1)**

Rule 1-060(B)(1) allows a party to seek relief based on "mistake, inadvertence, surprise or excusable neglect." In our notice of proposed summary disposition, we observed that Plaintiffs' motion indicates that they were seeking relief based on Rule 1-060(B)(2) due to their recent discovery of the Declaration which they claimed establishes an express easement. [RP 730-734] We opined that any "mistake" or "excusable neglect" pertains to Plaintiffs' contention that their failure to discover the Declaration at an earlier time should be excused.

In their memorandum in opposition, Plaintiffs contend that our interpretation of Rule 1-060(B)(1) is too narrow. [MIO 6] They claim that their discovery of the Declaration was due to mistake, inadvertence and excusable neglect. [MIO 6-7] They then argue that their failure to discover the Declaration or to be aware of its impact should be excused. [MIO 7] We fail to see how Plaintiffs' failure to discover the Declaration at an earlier point, even if totally justified, warrants any type of relief.

9

As previously discussed, the Declaration fails to establish an easement across Buyers' property. Therefore, even if their failure to discover the Declaration at an earlier point was due to excusable neglect, Plaintiffs are not entitled to relief pursuant to Rule 1-060(B)(1) because the language of the Declaration does not establish an easement over Buyers' land. *See Kinder Morgan CO2 Co.*, 2009-NMCA-019, ¶ 10 (noting that Rule 1-060(B)(1) is directed at considering whether relief should be granted from an unjust judgment); *Magnolia Mountain, Ltd., P'ship v. Ski Rio Partners, Ltd.*, 2006-NMCA-027, ¶¶ 15-17, 139 N.M. 288, 131 P.3d 675 (filed 2005) (recognizing that relief is not available under Rule 1-060(B) unless the movant can show that, in the absence of the mistake, the outcome might be different).

**Rule 1-060(B)(6)**

In our notice, we stated that, to whatever extent Plaintiffs also sought relief under Rule 1-060(B)(6), we would propose to affirm on that basis as well because Plaintiffs failed to establish the exceptional circumstances warranting relief under Rule 1-060(B)(6). *See Meiboom v. Watson*, 2000-NMSC-004, ¶ 19, 128 N.M. 536, 994 P.2d 1154 (noting that relief pursuant to Rule 1-060(B)(6) requires the moving party to demonstrate exceptional circumstances). Plaintiffs argue that exceptional circumstances are presented based upon their contention that their water rights enjoy constitutional protection, and that an easement is necessary to protect the use of those

rights.  [MIO 9-10]  This contention is an argument of easement by necessity which was already rejected by the district court at the summary judgment stage.  [RP 410-412, 542-545, 652-658, 694]  Contrary to Plaintiffs' contentions, [MIO 10-11] there is nothing in the language of the Declaration to warrant revisiting that decision.

**CONCLUSION**

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we affirm the district court's order denying Plaintiffs' motion for relief from judgment pursuant to Rule 1-060(B)(1), (2) and (6).

**IT IS SO ORDERED.**

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

**MICHAEL E. VIGIL, Judge**

**ROBERT E. ROBLES, Judge**

11